First case today is Sean Ravin v. Secretary of Veterans Affairs, 2022-2104. Mr. Carpenter. May I please report? Yes. Carpenter, carrying on behalf of Mr. Ravin. This appeal, your honors, meets the Williams criteria set out by this court because the Veterans Court made a separate and dispositive decision which required reversal and did not found clearly and indisputably that the board had made an error of law on the basis for its denial for Mr. Ravin's fees. Based upon that, just because there's an unnecessary remand that doesn't give you the right to appeal to this court, right? You can wait until the issue is No, your honor, but I do not believe that that's the case here because there was a disposition of the appeal by the Veterans Court which required reversal. Based upon the finding of error, reversal is required and not remand. An examination in this case of the remand is required to determine whether or not there was any basis in law for such a remand. This remand was based upon a statutorily covered favorable finding of fact by the board. You say there was a favorable finding, but the Veterans Court said there wasn't, that there was an issue about whether there was a favorable finding. No, your honor, what the Veterans Court said was that there was a dispute between the parties which we contest. There was not a dispute between the parties. Mr. Ravin did argue that he was entitled as a matter of law to the benefit of that favorable finding of fact, but he did not dispute what was meant by it. It was only the secretary that disputed it. There's a dispute. But that dispute is not relevant to the disposition of the appeal. Why not? I mean, because he didn't satisfy the one-year requirement and if there isn't a finding that he satisfied the one-year requirement, then he wouldn't be entitled to an attorney's fee. But that's where the favorable finding of fact comes into play, that he had a valid fee agreement. They could not have made a valid fee agreement determination under the secretary's own regulations if he didn't meet the statutory and regulatory requirements for a valid fee agreement, which is an agreement that was entered into. You're asking us to rule as a matter of law on an fact issue which was sent back for remand determination by the board. It was sent back to give the board another bite of the apple to revisit whether or not it really meant that this was a favorable finding of fact. That remand has no legal effect on the outcome of the appeal. Regardless of what was said by the board on remand, the statute does not give another bite of the apple to the board to revisit that. In fact, Congress contemplated that such a favorable finding of fact would only be rebutted in the future by later VA adjudicators which were required to rely upon and follow that favorable finding of fact. This is a do-over for the VA. There is no statutory provision that the VA gets another bite of the apple, particularly on a fee decision. There was only one basis in this case. You are asking us, Mr. Carpenter, to say there was no ambiguity in the board finding. I am not, Your Honor. I am asking you to find as a matter of law. Then why can't we have a remand to determine what the right interpretation is? Because there is no relevance to that determination in terms of the issue presented in the appeal to the Veterans Court. The board made a single disposition that there was no entitlement to a fee because he did not have a board decision on the issue of TDIU. The Secretary conceded that was not the correct legal standard. The Veterans Court found that the board had errored. Once that disposition of the only issue on appeal, which was, was there a valid basis for denial, was found to have been an error, then reversal and not remand was required. Remand is required to develop additional relevant evidence. Here we have a case in which Mr. Raven's appeal was disposed of by the concession of the Secretary and he was entitled as a matter of law to a reversal. That is a legal question that this court should consider on appeal from a final decision that there was board error. Obviously, if this panel does not agree, then it will dismiss the appeal. Unless there's further questions from the panel. Thank you, Mr. Carpenter. We will save the rest for you. Mr. Gold. Good morning. May it please the court. Having asked the Veterans Court to remand this case, the appellant now asked this court to find, sorry, I asked the Veterans Court to remand the case. The appellant now asked this court to find that it could not have been remanded and it should not have been remanded in the first instance. As we know on appendix 150, the appellant has actually asked the Veterans Court to remand this case. Now before this court, the claimant must prove that he fits the Williams criteria, the three-factor test. We think the application of Williams in this case shows that the request here does not pass by the Adams rule against finality. The remand was a non-final decision and the appeal should be dismissed for lack of jurisdiction in this case. The only legal decision by the Veterans Court below was the decision that the court had erred when it found there was a non-final decision in 2010. The secretary conceded before the Veterans Court and that issue is not under dispute right now. In order to satisfy the Williams criteria, that same legal decision must have been adverse to the party now seeking relief. But Mr. Raven won on that issue. He won. He asked for that issue to be reversed and he won. Therefore, that issue cannot solve the Williams criteria. In that situation, we have to look for another clear and final decision of a legal issue. And in the four-page Veterans Court decision, there is none. That is the only legal decision that the Veterans Court made. And following that, they found that there was ambiguity in the court below requiring a remand and to understand further what this sentence valid, that it was a valid fee agreement, actually meant. Now we do believe there is ambiguity. If the court wants to explore that, we're welcome to do so. But we believe that the court can quickly look at this case, determine that it does not satisfy the Williams criteria, and find that the court lacks jurisdiction over this appeal. You just indicated that the second factor is not satisfied. What about the third? Well, the third factor is not satisfied because it depends which claim we're looking at. In the briefs, Mr. Raven first of all raises this question about, well, he points to only a single legal decision, the one I just mentioned before, regarding that the board erred, regarding a final decision that it wasn't when it actually was. There's no risk that that decision would not survive the remand because that decision will control the remand. I'm assuming that Mr. Raven is not going to appeal the decision that was in his favor. And therefore, if there's an issue with that decision later down the line, it can return again to the Veterans Court. It can return again to this court. So there's no risk there that that issue will not survive the remand. In his brief, Mr. Raven argues that on 5104A, the issue of whether he should have a favorable finding will not survive a remand. But that's simply not true. Mr. Raven will be able to argue that 5104A does apply to his case before the board. And if he loses on that issue, he'll be able to appeal it to the Veterans Court and once again to this court when it's properly and rightly before this court. The Williams rule is not whether this issue could ever be before this court. It's whether the time is now and only now to look at this case. And this situation is simply just not the same as the case. If the court has no further questions. Thank you, Mr. Golden. Mr. Carpenter has some questions. Reference to remand by Mr. Raven in his opening brief was a reasons or basis remand on the question of whether or not there was a board decision on the issue of TDIU. And he asked for reversal and only asked for that remand on a reasons or basis alternative that has nothing to do with the disposition of the question of that favorable finding. I would also direct the court's attention to the fact that this entire remand question is covered by a single paragraph at Appendix IV in which the court essentially sui sponte raises the question of ambiguity. The issue of ambiguity in our view is inconsistent with the statutory provisions of 5104 A in which Congress expressly provided in a heretofore not available statutory provision to veterans that once an agency makes a favorable finding of in favor of the veteran that that decision is binding on all future adjudicators. It doesn't say anything about the adjudicator getting an opportunity to decide whether or not he really meant that to be a favorable finding of fact. That's the only thing that can be explored on remand. And that goes beyond the disposition of the appeal. Either Mr. Raven has a right to Congress provided in 7252 that remand, excuse me, reversal be made and remand only be made as appropriate. This is not an appropriate remand and should be addressed by this court as to whether or not it was in order to give finality to Mr. Raven on the favorable disposition of his appeal in which he established clear error of law by the board in the appeal below. Unless there's further questions from the panel. Thank you Mr. Trost. The case is submitted.